UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, a Connecticut corporation; FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC., an Iowa corporation,<br><br>Plaintiff,<br><br>v.<br><br>CENTEX HOMES, a Nevada general partnership, CENTEX REAL ESTATE CORPORATION, a Nevada corporation; and DOES 1 through 10 inclusive,<br><br>Defendant. | No.  2:15-cv-00532-KJM-EFB<br><br>ORDER |

On August 7, 2015, the court issued the pretrial scheduling order. ECF No. 16. On October 13, 2015, parties filed a stipulation and proposed order agreeing to plaintiffs' filing a first amended complaint. ECF No. 17. On the same day, plaintiffs filed the first amended complaint. ECF No. 18.

Once the court has entered a pretrial scheduling order pursuant to Rule 16, the standards of Rule 16 rather than Rule 15 govern amendment of the pleadings. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992); *Eckert Cold Storage, Inc. v. Behl*, 943 F.Supp. 1230, 1232–33 (E.D.Cal. May 3, 1996). A scheduling order is not "a frivolous

1

piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D.Me. 1985). Orders entered before the final pretrial conference may be modified only "upon a showing of good cause." Fed.R.Civ.P. 16(b). The good cause requirement of Rule 16 primarily considers the diligence of the party seeking the amendment.

When evaluating whether a party was diligent, the Ninth Circuit has determined that "the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end." *Id.* at 610. When the proposed modification is an amendment to the pleadings, the moving party may establish good cause by showing "(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D.Cal. Jun. 16, 1999) (citations omitted).

Here, plaintiffs filed an amended complaint without leave of the court, after having agreed that "[n]o further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown." ECF No. 16 at 2. Nevertheless, plaintiffs have established good cause, ECF No. 17 at 2, and there is no prejudice to defendants who agreed to the filing and having already answered the complaint. The court GRANTS plaintiffs leave to amend the complaint NUNC PRO TUNC.

IT IS SO ORDERED.

DATED: November 11, 2015.

UNITED STATES DISTRICT JUDGE

2